IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBIE TORRY,

    Petitioner,　　　　　　　　　　　　　　OPINION AND ORDER

v.　　　　　　　　　　　　　　　　　　　　　　　18-cv-962-bbc

RANDALL HEPP,

    Respondent.

---

Petitioner Bobbie Torry, who is incarcerated at Fox Lake Correctional Institution, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his January 2002 conviction for attempted first degree homicide, false imprisonment, sexual assault and substantial battery. He has paid the $5 filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

After reviewing petitioner's submissions and relevant court records, I conclude that the petition is clearly untimely and must be dismissed.

OPINION

According to the petition, attachments and electronic court records, petitioner was sentenced in Dane County case no. 2001CF000560 on January 16, 2002. The

1

Wisconsin Court of Appeals allowed petitioner until December 23, 2002 to file a notice of appeal or motion for postconviction relief. He filed a notice of appeal on December 11, 2002, but the appeal was dismissed on December 11, 2003. The Wisconsin Supreme Court denied his petition of review on February 25, 2004. Petitioner filed several postconviction motions and appeals with the state circuit court and court of appeals between 2004 and 2011. In 2009, petitioner filed a habeas petition in this court, but it was dismissed without prejudice for petitioner's failure to prosecute because he failed to submit either the $5 filing fee or a completed application for leave to proceed *in forma pauperis.* Case no. 09-cv-656-slc, dkt. #3. On August 27, 2018, petitioner filed a motion to reopen that petition and add new claims. Because a petition that is dismissed for failure to pay the filing fee does not "count" as a first petition, petitioner's most recent attempt to file a habeas petition attacking his 2002 conviction is treated as his first. Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005). The last state court ruling in petitioner's case was in June 2011, and petitioner did not seek to challenge his conviction or sentence again until he filed his habeas petition in 2018.

Petitions brought under 28 U.S.C. § 2254 have a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. Petitioner states in his petition that his claims are not barred by the one-year statute of limitations because he filed his original petition in a timely manner. However, he abandoned his initial petition by deciding not to pursue it. Although petitioner was entitled to file a new petition, the one-year clock continued to run during the nine years that he waited to file it. Petitioner may contend that his one-year clock was tolled because he filed at least

one postconviction motion with the state court in 2010. (Under § 2244(d)(2), the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of limitation.) However, the final ruling with respect to that postconviction motion was in June 2011, more than seven years before petitioner filed his habeas petition in August 2018. In other words, by the time petitioner filed his habeas petition in 2018, his federal habeas clock had long since run.

The one-year deadline for filing habeas petitions may be extended in one of three circumstances: (1) the state prevented the petitioner from filing earlier; (2) the Supreme Court has recognized a new constitutional right; (3) or the petitioner has discovered new facts supporting his claim. 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner has not alleged any action on the part of the state or a newly recognized constitutional right, but he stated in his Rule 60 motion that he "recently discovered" that the police officers who arrested him for the crimes for which he was ultimately convicted lacked a warrant for his arrest. However, attached to his petition is a copy of a letter dated April 2, 2008, in which the Clerk of Court for Dane County notified petitioner that there was no arrest warrant filed in his case. Dkt. #3, exh. #5. In addition, petitioner raised the lack of an arrest warrant in his most recent postconviction motion, which was denied on appeal in 2011. Petitioner has not provided any explanation for why he waited seven years to raise the issue in a habeas petition.

Finally, petitioner has shown no basis for tolling the one-year habeas deadline. Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable

tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008) (equitable tolling is extraordinary remedy that is rarely granted). Although I understand that it can be difficult to understand filing requirements and deadlines, the "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013). In sum, because petitioner did not file his habeas petition within one year after his conviction became final, it is time-barred under § 2244(d)(1)(A).

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Each showing is a threshold inquiry; thus, the court need address only one

component if that particular showing will resolve the issue. Id. at 485. Because no reasonable jurist would disagree that the petition is untimely and that petitioner has failed to show that equitable tolling should apply, petitioner is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Bobbie Torry is DENIED and this case is DISMISSED with prejudice. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 4th day of February, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge